UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY ALEXANDER,

        Petitioner,

v.

DAVID SMITH,

        Respondent.

_____/

CIVIL ACTION NO. 02-74852

DISTRICT JUDGE GERALD E. ROSEN

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**:

This cause comes before the Court on Gregory Alexander's Motion for Certificate of Appealability.  For the reasons that follow, I recommend that the Motion be granted as to Claims IV through VIII, XI through XII and the related portions of Claims IX and XIII.  I recommend that the Motion be denied as to Claims I through III.

**II.   REPORT**:

    **A.   Procedural Background**

Petitioner, Gregory Alexander, is a state prisoner currently confined at the Ryan Correctional Facility in Detroit, Michigan.  Alexander filed an Application for a Writ of Habeas Corpus challenging his conviction on charges of first degree premeditated murder.  The Petition presented 13 separate issues, as follows:

    I.    Petitioner Alexander was denied his Constitutional rights under the Fifth and Fourteenth Amendments when the prosecutor commented on his right not to testify.

    II.    Petitioner Alexander was denied due process and a fair trial when the state trial court allowed the prosecutor to call a surprise witness at the end of the state's case.

III.   Petitioner was deprived of his right to due process when the prosecutor argued for a conviction based on a community protection argument.

IV.   Petitioner was deprived of his Sixth Amendment right to counsel when the state used testimony from an incarcerated informant that Petitioner allegedly confessed to the crime.

V.   Petitioner Alexander was denied his right to an impartial jury and a fair trial when the Court dismissed the only African-American juror without sufficient cause.

VI.   Petitioner Alexander was denied his right to a fair and impartial jury when the Court and attorneys failed to conduct a hearing and investigate a juror's prior relationship to the prosecutor's key witness.

VII.   Petitioner Alexander was denied due process of law and a fair trial when the state and the defense failed to produce a critical res gestae witness.

VIII.   Petitioner was denied due process of law and a fair trial when the prosecutor secured a conviction based on the false testimony of Jeffrey Ragland and Antonio Postell.

IX.   Petitioner Alexander was denied his right to effective assistance of trial counsel.

X.   Petitioner is entitled to an evidentiary hearing.

XI.   Petitioner's purported waiver of his constitutional right to testify in his own behalf was not established by the trial court as being free, knowing and intelligent.

XII.   The cumulative effect of the errors committed during Petitioner's trial require relief because he did not receive a fair trial under the Federal Constitution.

XIII.   Petitioner Alexander has established an entitlement to relief from the Judgment of his conviction and sentence by demonstrating good cause for the failure to raise his present claims on direct appeal or in a prior motion and, actual prejudice from the alleged irregularities in

>   this criminal process, and therefore, the claims are not procedurally defaulted.

On October 29, 2004, the district judge entered an Opinion and Order Dismissing Claims I through III, V through VIII, X through XII, and portions of Claim IX. Claims IV, the related portion of Claim IX and Claim XIII were referred to the magistrate judge for an evidentiary hearing and a Report and Recommendation. The evidentiary hearing was conducted on March 2, 2005. On February 28, 2006, I filed a Report and Recommendation that the court deny the Petition with respect to those issues referred to the magistrate judge. On March 14, 2006, the Court entered an Order Adopting the Report and Recommendation and Dismissing the Petition for Writ of Habeas Corpus.

Petitioner filed a timely Notice of Appeal. Before Petitioner may appeal the decision, this Court must issue a Certificate of Appealability. 28 U.S.C. §2253(c); Fed.R.App.P. 22(b); In Re Certificate of Appealability, 106 F.3d 1306 (6th Cir. 1997). A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a Constitutional right." 28 U.S.C. §2253(c)(2). A substantial showing is made if the Petitioner demonstrates that the issues raised are debatable among jurists, that the Court could resolve the issue differently, or that the questions deserve to proceed further. Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000); Barefoot v. Estlle, 463 U.S. 888, 893 n.4 (1983). The Court must either issue a Certificate of Appealability indicating which issues satisfy the required showing, or must state the reasons why such a Certificate should not issue. Fed.R.App.P. 22(b); Lions v. Ohio v. Adult Parole Authority, 105 F.3d 1063 (6th Cir. 1997). Any doubt as to a Petitioner's entitlement to a Certificate of Appealability should be resolved in favor of granting it. Sonner v. Johnson, 161 F.3d 941, 946 (5th Cir. 1998).

### 1.     Habeas Claims I through III

This Court dismissed Claims I through III based upon the doctrine of procedural default. Coleman v. Tompsom, 501 U.S. 722, 750 (1991). The Court applied the analysis set out by the Sixth Circuit in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986). That four part test required the Court to determine whether: (1) there is a state procedural rule applicable to the Petitioner's claim and whether the Petitioner failed to comply with that rule; (2) the state court's actually enforced the rule; (3) the procedural rule is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) the Petitioner has shown cause for not complying with the procedural rule and actual prejudice from the alleged constitutional error. Opinion and Order, page 5 (citing Maupin, 785 F.2d at 138).

The Court determined that the Michigan Court of Appeals considered issues I through III, and rejected them based upon Petitioner's failure to make a contemporary objection. The Court found that there was a state procedural rule applicable to Petitioner's claims and that he failed to comply with the rule. The Court further determined that the state courts actually enforced the rule; that the procedural rule was an adequate and independent state ground upon which the state could rely to foreclose review of a federal constitutional claim; and that Alexander had not shown cause and actual prejudice from the alleged constitutional errors.

Petitioner claims that the Michigan Court of Appeals' decision on Claims I through III "rested primarily" on its analysis of their merits, rather than upon the procedural rule requiring contemporaneous objections. He asserts that the Court of Appeals "did not refuse to address the claims, as if they were waived," but spent the majority of its opinion

addressing their merits. On that basis, he argues that his trial counsel's (admitted) failure to assert contemporaneous objections was "not an independent basis for the state court's disposition of the claims." (Petitioner's Memorandum, page 6). He relies upon the Supreme Court's opinion in <u>Stewart v. Smith</u>, 536 U.S. 856, 860 (2002), that "if the state court's decision rested primarily on a ruling on the merits . . . its decision would not be independent of federal law."

This court's Opinion and Order was based upon the Supreme Court's decision in <u>Harris v. Reid</u>, 489 U.S. 255, 264 n.10 (1989) that a state court's consideration of the merits of a federal claim as an <u>alternative</u> ground for denial will not undermine the status of a primary procedural finding as an adequate and independent state ground for rejecting a claim. In applying that doctrine, the district judge recognized the same authority relied upon by Petitioner. The <u>Stewart</u> case, however, does not overrule <u>Harris</u>. Rather, it holds that a state court decision resting <u>primarily</u> on a ruling on the merits would not be independent of federal law. Petitioner's sole basis for the argument that the Michigan Court of Appeals relied primarily on a consideration of the merits of his claims is that more words were employed in the substantive analysis than were used in asserting the procedural violation. I find that argument insubstantial. It is to be expected that the simple observation of a procedural default would require fewer words than an analysis of claims of substantive violations. Furthermore, an examination of the Michigan Court of Appeals' decision plainly reveals that it first found procedural default on each of Petitioner's Claims I through III, and only alternatively addressed the merits. Reconsideration of federal issues on federal habeas is precluded "as long as the state court explicitly invokes a state procedural bar as a separate basis for decision." <u>Harris</u>, 489 U.S. at 264 n.10. That was certainly done in

5

Petitioner's case. The Supreme Court has explicitly stated that, after such an invocation, "a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity." Id. Because I consider this Court's decision on those issues correct beyond serious dispute, I recommend that a Certificate of Appealability be denied on Petitioner's Claims I through III.

### 2. Habeas Claims V through IX and XI through XII

Petitioner's Claims V through IX[1] and XI through XII were raised for the first time in post-conviction collateral proceedings by way of a Motion for Relief from Judgment under MCR 6.500 et seq. The trial court denied relief, on September 18, 2001, based upon its finding of "insufficient merit in any of the grounds." On November 30, 2001, the Michigan Court of Appeals denied Petitioner's application for leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." On July 29, 2002, the Michigan Supreme Court denied Petitioner's delayed application for leave to appeal, because Petitioner had "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."

This Court found that "the brief appellate orders stating that Petitioner was not entitled to relief under Rule 6.508(D)" were sufficient to support the conclusion that the Orders were based upon procedural default as to Claims V through IX and XI and XII. In reaching its decision, the Court relied upon the decisions of the U.S. Court of Appeals for the Sixth Circuit in Simpson v. Jones, 238 F.3d 399, 407 (6th Cir. 2000) and Burroughs v.

---

[1] Those portions of Claims IX and XIII relating to Claim IV were referred to the magistrate judge and addressed in my earlier Report and Recommendation. They are also addressed herein at Subparagraph 3.

6

Makowski, 282 F.3d 410, 414 (6th Cir.), *modified on other grounds*, 35 Fed. Appx. 402 (6th Cir. 2002). In his Motion for Reconsideration, and again in his Motion for Certificate of Appealability, Petitioner cites Abela v. Martin, 380 F.3d 915 (6th Cir. 2004), in which a panel of the Sixth Circuit held that a general reference to MCR 6.508(D) in a Summary Order denying leave to appeal does not demonstrate that the denial is based upon procedural default. The Abela court distinguished Simpson v. Jones and Burroughs v. Makowski on the ground that, in those cases, the state trial judge explicitly denied post-conviction relief on procedural grounds.[2] By contrast, the trial court in Abela denied the petitioner's Motion for Relief from Judgment "for lack of merit on the grounds presented." The Michigan Court of Appeals similarly denied Abela's Petition based upon the same substantive issues "for lack of merit in the grounds presented." Only the Michigan Supreme Court ruled against Abela because he had "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). 380 F.3d 915, 920 (2004).

> In short, unlike in Simpson and Burroughs, the state courts below the Supreme Court never invoked a procedural bar here, but rather repeatedly ruled on the merits. The procedural circumstances in this case are, therefore, materially different from those in Simpson and Burroughs, where the lower state courts actually invoked a procedural bar, making it clearer that the Michigan Supreme Court was also invoking such a bar when it referred to MCR 6.508(D). But given that all of the local state courts adjudicated Abela's case on the merits, it is not at all clear that the Michigan Supreme Court's summary order relies on a procedural bar, as opposed to the non-procedural reason that Abela simply failed to meet his burden of "establishing entitlement to the relief requested." Indeed, given the line of prior merits determinations in Abela's case, it is just as reasonable to presume that the Michigan Supreme Court's

---

[2] In Burroughs v. Makowski, 282 F.3d 410 (6th Cir. 2002), the trial court denied post-conviction relief both on the merits and on the ground of procedural default.

> reference to MCR 6.508(D) signaled its agreement with the lower court's merits determination as it is to presume that the reference signaled for the first time in this case, the invocation of a procedural bar.

380 F.3d 915, 923 (6th Cir. 2004).

In the case at bar, the state trial court denied post-conviction relief based upon its consideration of the merits of the Petition. Although both the Michigan Court of Appeals and the Michigan Supreme Court denied relief under MCR 6.508(D), the rationale employed in Abela v. Martin may be plausibly applied to the facts of the present case. Therefore, I recommend that a Certificate of Appealability be issued as to Claims V through IX, XI through XII and the related portions of Claims IX and XIII.

### 3. Claim IV, and Related Portions of Claims IX and XIII

Petitioner's habeas Claim IV asserts that he was deprived of his Sixth Amendment right to counsel when the state used the testimony of an incarcerated informant (Antonio Postell) that Petitioner allegedly confessed to the crime with which he was charged. The claim was based upon the theory that Postell was acting as an agent of the state when he engaged Alexander in uncounseled conversations relating to the facts underlying the offense for which Petitioner was then on trial. Petitioner argued that the conduct of the prosecution in securing and presenting the testimony of Postell amounted to a knowing and intentional violation of Alexander's Sixth Amendment right to rely upon his attorney as a "medium" between himself and the government. He relied upon the decisions of the Supreme Court in Massiah v. United States, 377 U.S. 201 (1964); United States v. Henry, 447 U.S. 264 (1980); and Maine v. Moulton, 474 U.S. 159 (1985). Those cases represent an evolving doctrine under which prosecuting authorities may not create, encourage or

8

knowingly exploit an opportunity to confront a charged defendant without counsel being present. For reasons stated at length in my initial Report and Recommendation, I found that the critical elements of knowledge and intentional exploitation were absent in the facts of this case. Petitioner, however, contends that my analysis applied the <u>Massiah</u> doctrine too narrowly and that I failed to appreciate the significance of the initial meeting between Postell and Hurtt and of their past relationship. Petitioner further contends that I failed to appreciate the weakness of the state's case against him, and the prosecution's need for Postell's testimony regarding jailhouse conversations. He also criticizes my rejection of <u>Randolph v. People of the State of California</u>, 380 F.3d 1133 (9th Cir. 2004) as an appropriate template for this Court's disposition of Claim IV. In <u>Randolph</u>, the Ninth Circuit determined that, even where a potential jailhouse informant was told not to expect a deal in exchange for his testimony, he could be considered an agent of the state if he cooperated with the state in the hope of receiving leniency in his own case, and state authorities "either knew or should have known" that he entertained such hope.

I am satisfied that the analysis of <u>Massiah</u> and the related Supreme Court decisions cited in my earlier report, as adopted by this Court, is valid. In his June 26, 1998 meeting with Detective Hurtt, Postell had only described statements made to him by Petitioner prior to their joint incarceration. The testimony of Hurtt, the Affidavit of Prosecutor Kelsey and the videotape of the June 29, 1998 meeting with Postell establish that the prosecution had not made a decision to obtain Postell's cooperation prior to Petitioner's uncounseled statements of June 27-28, 1998. There is no evidence that the state knowingly took any action, or knowingly failed to take any action, with the intent to create or exploit an opportunity to elicit uncounseled statements from Alexander. Postell was not a cellmate of Alexander, and

there is no evidence that Hurtt was even aware that he had any opportunity to communicate with Petitioner. Those facts not only distinguish the instant case from those considered by the Supreme Court in the <u>Massiah</u> line of cases, they present a situation far different from that considered by the Ninth Circuit in <u>Randolph</u>, where the prosecution was aware that the informant and the defendant were cellmates, <u>and</u> that the informant was willing to illicit uncounseled incriminatory statements from the defendant in exchange for leniency in his own case. Unlike the case at bar, the informant in <u>Randolph</u> had no other means of offering assistance to the state, since there is no evidence that he had information obtained from Randolph before their joint incarceration. Nonetheless, I agree with Alexander that <u>Randolph</u> represents an attempt by a Circuit Court of Appeals to further expand the <u>Massiah</u> doctrine. While I am satisfied that this Court's disposition of Claim IV is correct, and that Alexander has failed to demonstrate a Sixth Amendment violation, that confidence does not, in itself, warrant the denial of a request for a Certificate of Appealability. <u>Lozada v. Reeds</u>, 498 U.S. 430 (1991); <u>Barefoot v. Estlle</u>, 463 U.S. 888 (1983). Petitioner is not required to show that he will prevail on appeal. Reasonable jurists could conclude that the issues raised in Claim IV are of sufficient constitutional significance to warrant further proceedings. <u>Slack v. McDaniel</u>, 120 S.Ct. 1595, 1603-04 (2000); <u>Barefoot</u>, <u>supra</u>. The Circuit Court might determine that the conduct of the prosecutors in securing the testimony of Antonio Postell contravened the essential policy of the <u>Massiah</u> line of cases. Accordingly, I recommend that this Court issue a Certificate of Appealability as to Petitioner's Claim IV.

      Should the Court of Appeals determine that Claim IV establishes a constitutional violation, it will be necessary to assess the effectiveness of Petitioner's trial and appellate counsel in representing his interests. Because of this Court's determination on the

Constitutional issue, no extended analysis as to the adequacy of counsel was necessary. Should Petitioner prevail on appeal as to Claim IV, however, he should be permitted to pursue his ineffective assistance of counsel claims as well. Accordingly, I recommend that a Certificate of Appealability issue with respect to those portions of Claims IX and XIII which pertain to Claim IV.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The

response shall address specifically, and in the same order raised, each issue contained within the objections.

            s/Donald A. Scheer
            DONALD A. SCHEER
            UNITED STATES MAGISTRATE JUDGE

DATED: July 12, 2006

_____

### CERTIFICATE OF SERVICE

  I hereby certify on July 12, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 12, 2006.  **None.**

            s/Michael E. Lang
            Deputy Clerk to
            Magistrate Judge Donald A. Scheer
            (313) 234-5217